IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TREMAYNE D. CARROLL,

      Plaintiff,                    No.  2:  12-cv-2584 DAD P

      vs.

EDMUND G. BROWN, et al.,

      Defendants.            ORDER

_____/

      Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983 together with a request for leave to proceed in forma pauperis. Plaintiff has not submitted his in forma pauperis request on a proper form.

      Plaintiff's request for leave to proceed in forma pauperis will be denied, and plaintiff will be granted thirty days to submit a new request on a proper form. Plaintiff is cautioned that the form in forma pauperis application includes a section that must be completed by a prison official, and must be accompanied by a certified copy of plaintiff's prison trust account statement for the six-month period immediately preceding the filing of this action.

      In addition, plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298

(1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's October 17, 2012 request for leave to proceed in forma pauperis (Docket No. 3) is denied without prejudice;

2. The Clerk of the Court is directed to send plaintiff an Application to Proceed In Forma Pauperis By a Prisoner for use in a civil rights action;

3. Plaintiff shall submit, within thirty (30) days from the date of this order, a properly completed application to proceed in forma pauperis on the form provided with this order; plaintiff is cautioned that failure to comply with this order or seek an extension of time to do so will result in a recommendation that this action be dismissed without prejudice; and

4. Plaintiff's October 17, 2012 motion for appointment of counsel (Docket No. 3) is denied.

DATED: October 23, 2012.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:dpw
carr2584.3d+31